UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GREGORY VICTORIN**<br><br>        **Plaintiff,**<br><br>v.<br><br>**JONES LANG LASALLE, DOMINICK SANTIAGO, JOHN DOES 1-10, XYZ CORPORATION,**<br><br>        **Defendants.** | Civ. No. 20-18123 (KM/ESK)<br><br>**OPINION & ORDER** |

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the court on the motion of plaintiff Victorin to remand this removed action to state court. For the reasons stated herein, that motion is denied.

For a case to be properly removed, this federal court must have original jurisdiction. 28 U.S.C. § 1441(a) & (b). A district court has subject matter jurisdiction over suits in which the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). It is fundamental that diversity jurisdiction exists only when there is "complete diversity" of the parties. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). In other words, "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). A corporation is a citizen of both the state of its incorporation and principal place of business. 28 U.S.C. § 1332(c). Complete diversity must exist both at the time the complaint is filed and, if the case is removed, at the time of removal. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013). A defendant, as the removing party, bears the burden to establish

1

federal jurisdiction. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

Here, all of the causes of action in the complaint arise under state law. This court's subject matter jurisdiction is therefore invoked solely on the basis of diversity. 28 U.S.C. § 1332(a). Victorin is a citizen of New Jersey. JLL is incorporated in Maryland and has its principal place of business in Illinois. The amount in controversy exceeds $75,000. Defendant Santiago is a citizen of New Jersey; his status, or not, as a party has become relevant because complete diversity of citizenship is required under 28 U.S.C. § 1332(a).

The plaintiff, Gregory Victorin, filed a civil complaint against defendants Jones Lang LaSalle Americas, Inc.[1] ("JLL") and Dominick Santiago in the Superior Court of New Jersey, Law Division, Hudson County. (DE 1 at 10) JLL acknowledged service on November 5, 2020 and filed a notice of removal to this Court on December 4, 2020, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332(a).

I granted JLL's initial motion to remand the case to state court (DE 8), finding that the claims against Santiago were not so frivolous on the merits as to be a sham, and that although Santiago had not yet been served, his New Jersey citizenship destroyed diversity. (DE 11, 12).

On August 8, 2022, JLL filed a second notice of removal. ("2NOR", DE 14) This second notice recites that, for unclear reasons, the case languished in State court, and it was not reopened until May 2022. On May 7, 2022, the State court issued a lack-of-prosecution order, warning that if Santiago was not served within 60 days, he would be dismissed from the action. (2NOR ¶ 13) Plaintiff's only effort at service seems to have been a May 16, 2022 email to JLL's counsel, which replied on May 23, 2022 that it was not authorized to accept service. That reply email directed the plaintiff to the fact that Santiago

---

[1] There seems to be no dispute that JLL was slightly misnamed in the complaint.

could be served personally at the very JLL business address where both plaintiff and Santiago were working. (2NOR ¶¶ 15–16; *see also* DE 14 at 13.)

By order dated July 9, 2022, the state court dismissed Santiago from the action, without prejudice. (2NOR ¶18) No further action was taken to reinstate Santiago as a party.

This second Notice of Removal, like its predecessor, asserts that Santiago was named in bad faith and that his citizenship should not be considered in the jurisdictional analysis. This Notice also asserts, however, that Santiago's presence in the action was maintained and prolonged through bad faith and inaction, and that the one-year deadline for removal on diversity grounds therefore did not apply. *See* 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.*") (Emphasis added.)

On September 8, 2022, plaintiff filed the current, second motion to remand, again invoking the New Jersey citizenship of Santiago, and asserting that the second removal was not timely filed within one year of commencement of the action. (DE 18) JLL responded (DE 22) that Santiago had never been served, that Victorin had never had any good faith intent to pursue his claim against Santiago, that therefore Santiago's New Jersey citizenship should not be considered in the jurisdictional analysis, and that the "bad faith" exception to the one-year limitation of 28 U.S.C. § 1447(c) applied.

On April 3, 2023, plaintiff filed an Affidavit of Due Diligence for Non-Service purporting to demonstrate an attempt to serve Santiago by leaving process at 330 Madison Avenue in New York on March 7, 2023. (DE 31)[2] The Court, per Magistrate Judge Kiel, directed the parties to confer and submit a

---

[2]   This despite Santiago having been dismissed from the action some 8 months before.

joint letter in advance of a telephone conference addressing the effectiveness of service on Santiago. (DE 32) Thereafter, on April 17, 2023, counsel for plaintiff Victorin filed a letter withdrawing the affidavit of service. (DE 33) The affidavit was thereafter stricken from the record.

In his letter withdrawing the affidavit of service, counsel for Mr. Santiago seemingly dropped his opposition to JLL's contention that the claim against Santiago was not maintained in good faith. Rather, he sought the opportunity to file a supplemental brief in opposition to the motion for remand, now arguing that he had a good faith basis for treating JLL as a citizen of New Jersey based on its "extensive presence," which would destroy both diversity and the bad faith basis for disregarding the one-year deadline for removal. (DE 33)

By text order filed April 22, 2023, Magistrate Judge Kiel leniently granted plaintiff that opportunity for further briefing. (DE 38) By letter filed April 28, 2023, however, counsel for plaintiff stated that he would *not* be submitting the additional briefing he had requested, and would "rest on the strength of his original papers." (DE 39)

The Court interprets that series of positions taken by plaintiff as follows. Plaintiff has abandoned his opposition to the claim of bad faith in his pursuit of his claims against Santiago, and opted instead to rest on the argument that JLL is a New Jersey citizen. Plaintiff has, however, been less than clear.

Be that as it may, with or without Plaintiff's concession, I would find that he did not pursue his claims against Santiago in good faith. He has never stated a cognizable reason or excuse for failing to serve Santiago. Indeed, he has never denied the statement in the Notice of Removal that, at relevant times, both the plaintiff and Santiago were employed at the same address. Seemingly, plaintiff was content to rely on the mere presence of Santiago's name in the caption to defeat jurisdiction, and to wait out the one-year deadline while doing little or nothing to advance the case. Thus he made no significant effort at service, even in the face of a state court order threatening dismissal unless he did so within 60 days, and dismissal inevitably followed.

The court's prior remand order was premised on the plaintiff's presumed good faith and the usual state court deadlines for service—*i.e.,* that this was a bona fide claim and that, for whatever reason, Santiago had not been served—*yet.* But the course of conduct here gives rise to a nearly inescapable inference that plaintiff had never intended to make any good faith effort to pursue the claim against Santiago, and kept his name in the caption purely to defeat jurisdiction.

That leaves the claim that JLL should be regarded as a New Jersey citizen, *i.e.,* that "it would be equitable to allow JLL to be considered a domestic enterprise given the extensive presence that the company has in the State of New Jersey." (DE 33) Plaintiff sought and obtained leave to submit further briefing on that point, but then declined to submit such a brief.

The citizenship of JLL, a corporate party, is determined by its state of incorporation and principal place of business. *See generally* 28 U.S.C. § 1332(c)(1); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104–05 (3d Cir. 2015). It is not disputed that JLL is a corporation of the State of Maryland, and has its principal place of business in Illinois. The plaintiff offers no legal support that the court may find citizenship in a third state because "it would be equitable." Nor does he offer actual evidence that would come close to a showing of "presence" so extensive as to supplant Illinois as the corporation's principal place of business.

## ORDER

Accordingly, for the reasons set forth above,

IT IS this 12th day of May, 2023

ORDERED that the motion to remand the case (DE 18) is DENIED.

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**

5